UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

MARIE L. BANKS,

        Plaintiff,

- versus -

LABOR DAY EVENT, NYC ORGANIZATION FOR HAITI; TELEVISION CH. 7-11; POLICE-LAW ENFORCEMENT; NASSAU COUNTY DA,

        Defendants.

MEMORANDUM AND ORDER

15-CV-5943 (JG)(VMS)

JOHN GLEESON, United States District Judge:

On October 13, 2015, plaintiff filed this *in forma pauperis* action *pro se* seeking damages. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons set forth below, the complaint is dismissed.

BACKGROUND

Banks alleges in her complaint that she is concerned about her adult son's safety because she has acted as a whistleblower. As to what or to whom she has been a whistleblower, it remains unclear. She refers to an event on Labor Day of this year as well as the "Haitian mafia" but it is difficult to make out the basis for her claim. Compl. at 1. She states, "Human seller from the North of Haiti, last know[n] address, in Queens – My son do not know – My son is being follow[ed] for no reason – No moti[ve] – No gun[.] Both of us are schedule[d] to be convicted, kill[ed] legally because, I wrote about the appearance difference of the Labor Day Parade of the Haitian band looking like on micro management expenses." Complaint at 3. She

seeks to "stop the murder of my son Carl Gervais who does not know my position with the mafia from the North of Haiti" and damages. *Id*. at 1.

## DISCUSSION

*A. Standard of Review*

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quotation marks and citations omitted).

B.  *Subject Matter Jurisdiction*

As mentioned above, even a *pro se* plaintiff must establish that the court has subject matter jurisdiction over the action. Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630, and its absence may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

Banks alleges that the jurisdiction of the Court is invoked pursuant to "kidnapping – evidence planted for fee – rape – sodomy – jail for execution by order of Haitian mafia – illegal search – hypnotise – seizure of his child and property." Compl. at 1. These are not bases for subject matter jurisdiction of a district court. Even allowing the *pro se* complaint a liberal reading, there is an absence of facts suggesting the existence of a "colorable federal claim," *see Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542-43 (E.D.N.Y. 1999) (citing *Rodriguez by Rodriguez v. DeBuono*, 162 F.3d 56, 60 (2d Cir.1998)); nor is there diversity jurisdiction. 28

3

U.S.C. § 1332. Therefore, the complaint against defendants must be dismissed. *Manway Constr. Co. Inc. v. Hous. Auth. of City of Hartford,* 711 F.2d 501, 503 (2d Cir.1983); *see also* Fed. R. Civ. P. 12(h)(3).

Whereas, ordinarily, the Court would allow plaintiff an opportunity to amend her pleading, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity, where, as here, it is clear from the face of the complaint that the court does not have subject matter jurisdiction.

## CONCLUSION

Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i), I dismiss the instant *pro se* complaint because it lacks subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: October 26, 2015
      Brooklyn, New York